IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JONATHAN LO**, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**UNDER ARMOUR, INC.**, a Maryland corporation; and **DOES 1-50**, inclusive,<br><br>Defendants. | Case No. 3:24-cv-01258-IM<br><br>**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

Kim D. Stephens and Joan M. Pradhan, Tousley Brain Stephens PLLC, 1200 5th Avenue, Suite 1700, Seattle, WA 98101; and Connor James Porzio, Todd D. Carpenter, James B. Drimmer and Scott G. Braden, Lynch Carpenter, LLP, 1234 Camino del Mar, Del Mar, CA 92014. Attorneys for Plaintiff.

Andrew R. Escobar, Seyfarth Shaw LLP, 999 Third Avenue, Suite 4700, Seattle, WA 98104. Attorney for Defendants.

**IMMERGUT, District Judge.**

      Plaintiff Jonathan Lo filed this putative class action on his own behalf and on behalf of a

class of similarly situated Oregonians against Defendant Under Armour, Inc. Plaintiff alleges

that Under Armour advertised false price discounts for merchandise sold in its factory outlet

PAGE 1 – OPINION AND ORDER DENYING MOTION TO DISMISS

stores and on the outlet section of its website, a violation of Oregon's Unlawful Trade Practices Act ("UTPA"). Defendant moves to dismiss a portion of Plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1) and (6), arguing that Plaintiff lacks standing to assert claims based on Defendant's online conduct.[1] Motion to Dismiss ("Mot."), ECF 14 at 1–2. Because Plaintiff has standing to bring his web-based claims, Defendant's motion is denied.

## LEGAL STANDARDS

Federal courts are courts of limited jurisdiction and may only hear active cases or controversies brought by plaintiffs who demonstrate standing. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 337–38 (2016). A party may challenge a plaintiff's standing by bringing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). The party invoking federal jurisdiction bears the burden of proving that standing exists. *Id.*

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the movant asserts that the lack of subject matter jurisdiction is apparent from the face of the complaint. *Id.* "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

A motion brought under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint

---

[1] Defendant argues both that Plaintiff lacks Article III standing, which is a jurisdictional issue that would require dismissal under Rule 12(b)(1), and that Plaintiff lacks statutory standing under the UTPA, which is nonjurisdictional and would instead result in dismissal under Rule 12(b)(6). *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

## BACKGROUND

Defendant is a specialty retailer of athletic apparel. Complaint ("Compl."), ECF 1 ¶ 19. Plaintiff alleges that Defendant advertised false price discounts for its factory outlet merchandise. *Id.* ¶¶ 3–4, 19. Although Defendant purports to sell its outlet products at a substantial discount to the "original" price, it never offers those products at the original price. *Id.* ¶ 26. Instead, Defendant allegedly fabricated an original price before offering its outlet products at a substantially lower "sale" price—in effect, a "fake discount." *Id.* ¶¶ 19, 27.

Plaintiff resides in Tigard, Oregon. *Id.* ¶ 39. On July 13, 2024, he purchased six items from Defendant's factory outlet store in Woodburn, Oregon. *Id.* Plaintiff made this purchase after viewing the original and sale prices of the items. *Id.* ¶¶ 40–41. He alleges that he believed he was receiving a significant discount on the items and would not have made the purchase were it not for the bargain he believed he was receiving. *Id.* ¶ 41.

Plaintiff filed his Complaint in August 2024. ECF 1. He alleges the following class:

> All persons who, within the State of Oregon and within the applicable statute of limitations preceding the filing of this action (the "Class Period"), purchased from a Under Armour Factory

PAGE 3 – OPINION AND ORDER DENYING MOTION TO DISMISS

>store (in-person or online) one or more products at discounts from an advertised reference price and who have not received a refund or credit for their purchase(s).

*Id.* ¶ 55. Plaintiff does not allege that he viewed Defendant's website or made any online purchases. Defendant filed its partial motion to dismiss on October 3, 2024. ECF 14.

## DISCUSSION

Defendant argues that Plaintiff lacks standing to bring claims based on Defendant's online conduct, whether individually or on behalf of the class, because the Complaint does not allege that Plaintiff viewed or purchased products from Under Armour's online store. Mot., ECF 14 at 4–5.

Plaintiff has standing to bring his claims individually. Plaintiff alleges that he purchased six items from Defendant's outlet store after observing the original prices of the items and the accompanying sale prices, and that he would not have made the purchase were it not for the bargain he believed he was receiving. Compl., ECF 1 ¶¶ 31–41. He has Article III standing to assert these claims. *See Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015) (holding a plaintiff establishes an injury-in-fact by showing reliance on a misrepresentation on a product label). He has also sufficiently alleged an "ascertainable loss of money" as a result of Defendant's alleged misrepresentations to establish standing under the UTPA. O.R.S. 646.638(1).

Although Plaintiff's individual claims do not directly arise out of Defendant's online pricing practices, he also has standing to bring claims on behalf of class members who made Under Armour factory purchases from Defendant's online store. A majority of courts in this Circuit have held that a plaintiff has standing to assert claims for unnamed class members based on products he did not personally purchase "so long as the products and alleged misrepresentations are substantially similar." *Roffman v. Rebbl, Inc.*, 653 F. Supp. 3d 723, 728

PAGE 4 – OPINION AND ORDER DENYING MOTION TO DISMISS

(N.D. Cal. 2023); *see, e.g.*, *Mendoza v. Procter & Gamble Co.*, 707 F. Supp. 3d 932, 945 (C.D. Cal. 2023) (holding products are "substantially similar" when they "share alleged misrepresentations on the labels"); *Daly v. Amazon.com, Inc.*, 718 F. Supp. 3d 1378, 1384–85 (W.D. Wash. 2024) (holding plaintiffs could pursue claims for defendant's services they did not personally use because the enrollment processes were "substantially similar"); *Byler v. Deluxe Corp.*, 222 F. Supp. 3d 885, 897 (S.D. Cal. 2016) (denying motion to dismiss after finding "sufficient similarity in named and prospective plaintiffs' claims"). Plaintiff argues that the unnamed class members, like Plaintiff, purchased products from Defendant in reliance on representations that the items were discounted in price. Compl., ECF 1 ¶¶ 55, 58. Plaintiff further alleges that the alleged in-store pricing scheme is "the online equivalent of its brick-and mortar practice," and the products sold in-person and online are the same. *Id.* ¶¶ 24–25. In short, Plaintiff alleges the same wrongful conduct as to the same products by the same defendant, and thus has standing to pursue both the web-based and brick-and-mortar claims on behalf of a class.

Defendant maintains that the "nature and format" of Under Armour's alleged in-store and online misrepresentations are not substantially similar. Reply, ECF 17 at 6. But the alleged in-store misrepresentations are substantially similar to the those displayed on Under Armour's online store. The Complaint alleges:

> In most in-store cases, the items are each accompanied by a placard sign immediately above them advertising a "__% Off[.]" In other instances, the sale placards advertise a whole-price discount that is usually substantially less than the "original" price. The discount placard signs are printed on black and red card stock with bold, white lettering advertising the fake discount.
>
> With respect to Defendant's Factory outlet sales at underarmour.com/en-us/c/outlet/, Defendant engages in the online equivalent of its brick-and-mortar practice, if not a more egregious practice. That is, Defendant perpetually advertises Under Armour Factory merchandise with an "original" price (in grey or red font) with a strikethrough on it (i.e., crossed out: e.g., $35.00) next to a

PAGE 5 – OPINION AND ORDER DENYING MOTION TO DISMISS

> corresponding "Sale" price (e.g., "$17.50"), which represents a whole-price "discount" from the struck-through (fictitious) "original" price. The "sales" price appears in slightly darker black font.

Compl., ECF 1 ¶¶ 19, 24 (footnote omitted). In both formats, there is a discount from an advertised higher reference price. The "different signage" is not enough to distinguish the representations. *John v. AM Retail Grp., Inc.*, No. 17cv727, 2018 WL 1400718, at *5 (S.D. Cal. Mar. 20, 2018). Defendant's pricing scheme allegedly operates in virtually the same manner across the in-store and online mediums. *See Covell v. Nine W. Holdings, Inc.*, No. 17-CV-01371, 2018 WL 558976, at *5 (S.D. Cal. Jan. 25, 2018) ("Since the [complaint] alleges a store-wide false advertising scheme, the [c]ourt permits the case to proceed . . . ."). Plaintiff's claims "do not 'implicate a significantly different set of concerns' than the unnamed plaintiffs' claims." *Melendres v. Arpaio*, 784 F.3d 1254, 1263 (9th Cir. 2015) (quoting *Gratz v. Bollinger*, 539 U.S. 244, 265 (2003)). Plaintiff has thus alleged sufficient similarities to allow the web-based claims to proceed. Concluding otherwise "would ignore the nature of the [pricing] scheme and lead to a multitude of actions raising essentially identical claims." *Chase v. Hobby Lobby Stores, Inc.*, No. 17-cv-00881, 2017 WL 4358146, at *7 (S.D. Cal. Oct. 2, 2017).

Defendant's case law is unavailing. In *Nunez v. Saks Inc.*, the plaintiff sought to bring claims arising out of a wide-ranging deceptive pricing scheme, including print, in-store, and online advertising. No. 15-CV-2717, 2017 WL 1184058, at *4 (S.D. Cal. Mar. 22, 2017) (Houston, J.). The court concluded that the plaintiff lacked putative class standing under "narrowly prescribed" California statutes because he failed to allege any personal exposure to any of the purportedly misleading advertising. *Id.* at *5. But in a subsequent false advertising case under California law, Judge Houston rejected a broad reading of *Nunez*, holding that a plaintiff who "affirmatively relied on" a defendant's alleged "sham discount" scheme had

standing to bring suit on behalf of a class. *John*, 2018 WL 1400718, at *4–5. Here, like the plaintiff in *John*, Plaintiff alleged exposure to Defendant's misleading advertising for the products he purchased.[2] And as in *John*, Defendant's concerns about the "differences in the signage" between in-store and online are "best addressed at the class certification stage," not on a motion to dismiss for lack of standing. *Id.* at *5.

Therefore, at this stage of the proceedings, this Court concludes that Plaintiff has standing on behalf of others who purchased Under Armour factory products who were similarly misled by Defendant's pricing scheme, whether in-store or online. Accordingly, Defendant's partial Motion to Dismiss is denied.

## CONCLUSION

Defendant's Motion to Dismiss, ECF 14, is DENIED. Parties are ORDERED to jointly propose discovery and pre-trial deadlines within fourteen (14) days.

**IT IS SO ORDERED.**

DATED this 23rd day of December, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

[2] Defendant also relies on *Branca v. Nordstrom, Inc.*, where the court found that the named plaintiff only had standing to bring a false advertising claim based on the defendant's in-store price tags, not "two statements on [defendant]'s website" that he did not allege having seen. No. 14cv2062, 2015 WL 10436858, at *3 (S.D. Cal. Oct. 9, 2015). Those statements were general characterizations of the products sold by the retailer, not related to specific products or their prices. *See Branca v. Nordstrom, Inc.*, No. 14cv2062, 2015 WL 1841231, at *4 (S.D. Cal. Mar. 20, 2015). The instant case does not involve alleged online statements; rather, it concerns a pricing scheme that operated similarly in-store and online.

PAGE 7 – OPINION AND ORDER DENYING MOTION TO DISMISS